**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case Number: 25-MJ-244 |
| | : | |
| **MARSHALL DAY,** | : | |
| | : | Detention Hearing: October 21, 2025 |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM**
**IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Supplemental Memorandum in support of its Motion for Pretrial Detention of Defendant Marshall Day under 18 U.S.C. § 3142(f)(1)(A). The defendant has been charged by Criminal Complaint in the United States District Court for the District of Columbia Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 USC § 2423(b), which is defined as a "crime of violence" pursuant to 18 U.S.C. § 3156(a)(4)(C). This offense is a crime of violence involving a minor victim and, as a result, there is a presumption that weighs in favor of detention pursuant to 18 U.S.C. § 3142(e)(3)(E). Under the factors outlined in 18 U.S.C. § 3142(g), there is no condition or combination of conditions that will reasonably assure the safety of any person and the community if the defendant is released. As a result, detention is appropriate.

**SUPPLEMENTAL BACKGROUND**

On Monday, October 20, 2025, law enforcement conducted a preliminary review of DAY's phone that was on his person when he was arrested in this matter. This limited and preliminary review revealed what law enforcement described as a two-minute and two-second video file that depicted a prepubescent girl wearing pink pants and unclothed from the waist up.

A Black male wearing a black sweatshirt is orally penetrating the prepubescent girl with his erect penis. The prepubescent girl has no breast development, is very small in stature, and has very young facial features. This video was stored in DAY's downloaded videos on his phone. This video has not yet been reviewed by NCMEC. Law enforcement additionally reported that there were other videos with age questionable material that will need to be submitted to NCMEC for review.

## SUPPLEMENTAL ANALYSIS

For the additional reasons that follow, in combination with the reasons argued in its Memorandum in Support of Detention, the government submits that the defendant cannot rebut the presumption in favor of detention, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community, and that the defendant should therefore remain detained pending trial.

### A. The Nature and Circumstances of the Offense Charged

On a broad level, children depicted in sexually explicit images and videos are victimized at the time the images were created, and they are re-victimized each time an individual, like the defendant, views the images for their own sexual gratification. As explained by the Sixth Circuit in a child pornography case, "[e]very image of a child, every image of a non-adult engaged in any type of sexual activity or any type of pose without clothing or any type of exploitation constitutes an additional case of victimizing a child. … And as long as there is a demand to purchase images of child pornography, there is going to be an unending stream of child abuse of…children who are forced into these roles." *See United States v. Miller*, 665 F.3d 114, 121-122 (6th Cir. 2011)(quoting the district court) (rejecting an attack on the child pornography sentencing guidelines and highlighting the grave harm caused to the victims depicted in child pornography images and the

evidence that traffickers and possessors of child pornography are the impetus for the creation of more sexual abuse of minors).

The government would submit that this additional information, where in addition to DAY's charged conduct of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 USC § 2423(b), there is probable cause to believe that DAY committed an entirely separate violation, that is Possession of Child Pornography, in violation of 18 USC § 2252(a)(4).

Thus, the nature and circumstances of the offense continues to weigh heavily in favor of detention.

### B. The Weight of the Evidence Against the Defendant

The possession of child pornography on DAY's phone further strengthens the weight of the evidence against DAY, particularly where, as here, the child pornography downloaded to DAY's saved videos is strikingly similar to the type of sexual act DAY talked about engaging in with the 9-year-old daughter of the UC – oral sex of a pre-pubescent female child.

That this video was in the defendant's phone that was recovered from his person and in his downloaded videos (as opposed to in some app or other location) also is strong evidence of defendant's knowing possession of that video.

Thus, the strength of the evidence continues to weigh heavily in favor of detention.

### C. The History and Characteristics of the Defendant

The possession of child pornography on his phone, coupled with defendant's admissions to receiving child pornography via telegram from other telegram users is an important context for the Court to consider when determining whether the Defendant can rebut the presumption of dangerousness. Importantly, while DAY told the law enforcement officers interviewing him that he would delete child pornography sent to him, the fact that a preliminary review of his phone identified at least one video of likely child pornography in his video downloads undercuts his

statement to the police. Moreover, given DAY's own admissions, it is likely that a complete review of DAY's phone may reveal other child pornography.

Thus, the government would argue that this factor is neutral or weighs slightly in favor of detention.

### D. The Nature and Seriousness of the Danger to Any Person or the Community

That child pornography offenses are serious is a fact noted by the Supreme Court. At least as early as the landmark decision, *New York v. Ferber*, 458 U.S. 747 (1982), the Supreme Court referenced numerous research materials detailing the harm to children as a result of the production and trafficking of child pornography.

> [P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.

Shouvlin, Preventing the Sexual Exploitation of Children: A Model Act, 17 Wake Forest L.Rev. 535, 545 (1981). *See also* Child Exploitation 292 ("[I]t is the fear of exposure and the tension of keeping the act secret that seem to have the most profound emotional repercussions"); Note, Protection of Children from Use in Pornography: Toward Constitutional and Enforceable Legislation, 12 U.Mich.J. Law Reform 295, 301(1979)(interview with child psychiatrist) ("The victim's knowledge of publication of the visual material increases the emotional and psychic harm suffered by the child"). 458 U.S. 758, n.9.

Moreover, as the Eastern District of New York has found:

> ...the issue is not only defendant's potential abuse of children and his interaction with children if on bail, but also his ability, if he is released on bail, to attempt to possess additional child pornography, or to communicate and interact with (via email, internet, or phone) others involved in the possession, sale, and distribution of child pornography or other sexual abuse of children, which would also create a

> clear danger by facilitating the criminal and dangerous exploitation of children by other individuals.

*United States v. Reiner*, 468 F.Supp.2d 393, 397 (E.D.N.Y. 2006). The *Reiner* court further found that there were no conditions in that case that could reasonably assure the safety of the community "[i]n this day and age, with devices such as cellphones, Blackberries, and laptops..." Id. at 399; *see also United States v. Blankenship*, 2008 WL 1925137 (S.D.W.Va. April 29, 2008)(unpublished)(noting the ease of accessing the internet by means of various devices and stating "[t]he Court finds that the evidence clearly and convincingly establishes that, confined to his home and electronically monitored, defendant would not be prevented from obtaining the means to access the internet and attempting again to obtain child pornography and in this poses a danger to children and the community"); *United States v. Doyle,* 2007 WL 1097844, *1 (W.D.Va. 2007)(finding danger of future offenses "especially considering that pornographic images of children are widely available on the internet and can be easily accessed by a personal computer"), conviction rev'd on other grounds, 650 F.3d 460 (2011).

Thus, this factor continues to weigh heavily in favor of detention.

## **CONCLUSION**

For all of the reasons stated in Government's Memorandum in Support of Pretrial Detention, the additional reasons set forth above in Government's Supplemental Memorandum in Support of Pretrial Detention, and any other reasons set forth at any hearing on this issue, a consideration of the evidence in this case and the applicable statutory factors compels the conclusion that the defendant has not rebutted the statutory presumption in favor of detention, and should be detained pending trial.

WHEREFORE, the government respectfully requests that the Court grant its motion for detention of the defendant.

                                                Respectfully submitted,

                                                JEANINE FERRIS PIRRO
                                                UNITED STATES ATTORNEY

By:    <u>/s/ Richard S. Kelley</u>
          Richard S. Kelley
          DC Bar No. 1026390
          Assistant United States Attorney
          United States Attorney's Office
          601 D St., N.W.
          Washington, DC 20530
          Phone: (202) 834-3571